NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0455n.06

No. 14-6367

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICHARD ADLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOE F. CHILDERS, JR., | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[1]

MURPHY, District Judge. Dr. Richard Adler hired attorney Joe Childers on a contingency fee basis to help him sue a property developer and a construction company. After two years of litigation, Dr. Adler gave Childers permission to settle the case for $362,250. The attorneys for both parties agreed on a tentative settlement and the court *sua sponte* stayed the case pending completion of the settlement agreement. After Dr. Adler learned that the district court had dismissed the case from its active docket, he accused Childers of dismissing the case without prior approval and misrepresenting facts to the court, he expressed concern about Childers' desire not to go to trial, and he stated that the agreement was full of provisions he could not accept. Childers responded that he would reinstate the case, but that his motion for reinstatement would be accompanied by a motion to withdraw. Dr. Adler then emailed the district court, claimed that he was without counsel and requested the court to restore the matter to

---

[1] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

the court's active docket. Childers filed a subsequent motion to withdraw, as well as a motion for attorney's fees and a lien, seeking *quantum meruit* compensation in lieu of a contractual contingency fee.

The district court held a hearing and issued a written opinion, in which the court determined that Childers could recover a *quantum meruit* fee award under Kentucky law. It explained that the Kentucky Supreme Court had not specifically addressed whether an award based on *quantum meruit* was available when both parties contributed to the breakdown of the attorney-client relationship. Nonetheless, it found the case comparable to *Kamber v. Abrams*, No. 2011-ca-000988-MR, 2012 WL 5305735 (Ky. Ct. App. Oct. 12, 2012) (unpublished). In both cases, the client repeatedly questioned the attorney's ability to represent him and was culpable in undermining the employment arrangement.

The district court then determined the appropriate fee. Based on Childers' thirty-year experience as an attorney, his previous hourly rate, his specialized knowledge, and the skill with which he had litigated the case, the Court found a reasonable rate of $300 per hour. It also determined that Childers had billed 292.33 hours. After taking account of the amounts that Dr. Adler had already paid, the district court awarded $77,890.19 in outstanding legal fees.

On appeal, Dr. Adler contends that the district court erred in granting a *quantum meruit* fee award and that the sum awarded was unreasonable. Having reviewed the record and the district court's opinion, we adopt the district court's opinion and reasoning as our own and AFFIRM.